## Isaac Rickard *et al. versus* Simeon Rickard.

A tract of land, with a dwellinghouse thereon, was granted in 1754, to T and L, *habendum* to them, their heirs and assigns, in equal halves between them. The tract included a parcel of woodland, of which partition was sought. L died in 1756, without issue, and the petitioners for partition claimed as descendants of one of his heirs. After L's death, T lived in the dwellinghouse, and fenced and improved a part of the tract, until 1779, when he died, but the woodland was never enclosed. By a decree of the court of probate, all the estate was settled upon his son, who occupied the house and land, until 1784, when he died, having devised the same to the respondent. Immediately on his death the respondent entered and occupied the same, and cut wood from year to year over nearly all the woodland. The petitioners and those through whom they claimed, never cut any wood thereon, since the death of L, until within a few years, when the petitioners cut a few loads, to which the respondent objected. It was *held*, that supposing the grant of 1754 created a tenancy in common and not a joint tenancy, yet that there was an ouster of L's heirs for at least forty years, and that the petition for partition, therefore, could not be maintained.

Petition for partition. The respondent pleads sole seisin and traverses the seisin of the petitioners, and issue is joined on the petitioners' seisin.

On a case stated it appears, that Samuel Rickard, being seised of one hundred acres of land, with a dwellinghouse thereon, of which hundred acres the land sought to be divided is parcel, conveyed the same by his deed of May 13, 1754, to his sons Theophilus and Lazarus, "to have and to hold to said Theophilus and Lazarus, their heirs and assigns forever, in equal halves between them."

Lazarus died August 12, 1756, without issue or wife, and the petitioners are his heirs, through his brother Lemuel Rickard, who died in 1757.

After the death of Lazarus, Theophilus lived in the dwellinghouse until his death, which took place March 1, 1779, and in his lifetime more than half of the land was fenced in and improved by him.

By a decree of the probate court, "all the real estate" of Theophilus was settled, in fee simple, upon his son Jonathan, who improved and occupied the land and house as his father had done, until 1784, when he died.

Jonathan, by his last will, devised all his estate to the respondent, and immediately on his death the respondent entered

Rickard
v.
Rickard.

into possession of the same by living in the dwellinghouse, occupying the cleared land and fencing it, and cutting wood from year to year over nearly all parts of the land sought to be divided.

The land whereof partition is demanded, is woodland, and has never been enclosed ; nor was there any evidence that the petitioners, or those under whom they claim, cut any wood thereon since the decease of Lazarus Rickard, until within three or four years, when they entered and cut a few loads ; to which the respondent objected ; and thereupon this process was commenced.

Samuel Rickard, a son of Samuel before mentioned, occupied nine acres of the cleared land and thirteen of the woodland, parts of the hundred acres, by definite bounds and limits, as long ago as the memory of witnesses extends, and until within fourteen years since, when he died. There is no evidence of any conveyance from any one to Samuel the son, or of any right thereto, except as heir to his brother Lazarus.

If on these facts this process could be sustained, the respondent was to be defaulted ; otherwise the petitioners were to take nothing by their petition.

*Oct. 28th,*
*1831.*

*Beal* and *Warren*, for the petitioners, contended that the deed of Samuel Rickard to his sons Theophilus and Lazarus, created a tenancy in common and not a joint tenancy ; *Fisher* v. *Wigg*, 1 Ld. Raym. 622 ; *Whorewood* v. *Shaw*, Yelv. 25 ; *Stukeley* v. *Butler*, Hob. 172 ; *Ratcliff's case*, 3 Co. 39 *b* ; *Lewen* v. *Cox*, Cro. Eliz. 695 ; *Loveacres* v. *Blight*, Cowp. 352 ; *Denn* v. *Gaskin*, ibid. 657 ; Lit. § 298 and Coke's comment ; — and that there had been no ouster of one tenant in common by his co-tenant ; *Smales* v. *Dale*, Hob. 120 ; *Liscomb* v. *Root*, 8 Pick. 376 ; 3 Dane's Abr. 479 ; *M'Clung* v. *Ross*, 5 Wheat. 116 ; *Shumway* v. *Holbrook*, 1 Pick. 114 ; *Little* v. *Libby*, 2 Greenl. 247 ; *Proprietors of Kennebeck Purchase* v. *Springer*, 4 Mass. R. 416 ; *Higbee* v. *Rice*, 5 Mass. R. 344. *Barnard* v. *Pope*, 14 Mass. R. 438 ; *Ricard* v. *Williams*, 7 Wheat. 59.

*Eddy*, for the respondent, maintained that the deed of Samuel Rickard created a joint tenancy ; *Annable* v. *Patch*. 3 Pick. 363 ; Co. Lit 189 *a* ; Lit. § 277, 292 ; *Fisher* v.

*Wiggs*, 12 Mod. 301 ; Bac. Abr. *Joint Tenants, F* ; *Ward* v. *Everard*, 1 Salk. 390 ; *Fisher* v. *Wigg*, 1 P. Wms. 17 and Cox's note ; *Stones* v. *Heurtly*, 1 Ves. sen. 165 ; *Owen* v. *Owen*, 1 Atk. 495 ; *Hurd* v. *Lenthall*, Sty. 211 ; 2 Eq. Ca. Abr. 312, *pl.* 18 ; *Doe* v. *Ironmonger*, 3 East, 533 ; 14 Vin. 484, *Jointenants, K*; but that if it created a tenancy in common, there had been an ouster ; 2 Stark. Ev. 508 ; *Doe* v. *Prosser*, Cowp. 217 ; 3 Dane's Abr. 478 ; *Van Dyck* v. *Van Beuren*, 1 Caines's R. 84 ; *Jackson* v. *Whitbeck*, 6 Cow en, 632 ; 4 Dane's Abr. 18 ; *Peaceable* v. *Read*, 1 East, 574 ; *Doe* v. *Bird*, 11 East, 49 ; *Small* v. *Procter*, 15 Mass. R. 498. From the possession of the respondent and those under whom he claims, a release may be presumed. *Farrar* v. *Merrill*, 1 Greenl. 17.

Oct. 22d, 1832

SHAW C. J. delivered the opinion of the Court. The Court are strongly inclined to the opinion, that the deed of Samuel Rickard to his two sons, Theophilus and Lazarus, in 1754, by which he gave the estate, including the premises, to them, to hold to them, their heirs and assigns forever, in equal halves, vested in them an estate in common, and not in joint tenancy.

But upon the other point the Court are of opinion, that the petitioners are not entitled to partition as prayed for.

It is in general true, that the seisin and possession of one tenant in common, is to be taken as the seisin and possession of his co-tenant, and the occupation of one will be deemed to be in conformity to his right and title as tenant in common, and not adverse, and consequently that lapse of time will not bar the co-tenant. But this rule is subject to some qualification, and it has long been held, that there may be an actual ouster of one tenant in common, by another, that upon such actual ouster the possession becomes adverse, and if continued for a sufficient length of time the right of the co-tenant out of possession may be barred. It is also now well settled, that a long exclusive and uninterrupted possession by one, without any possession, or claim for profits by the other, is evidence from which a jury may and ought to infer an actual ouster. *Doe* v. *Prosser*, Cowp. 217. And in the same case Mr Justice *Ashhurst* stated, in giving his opinion, that after such a lapse of time

(it was there thirty-six years) almost any thing might be presumed in support of an exclusive possession, even a conveyance.

These principles apply strongly to the present case. It does not appear that any person claiming under Lazarus Rickard, who died in 1756, ever entered, or had possession, or asserted any claim of ownership, until within a few years, since this controversy arose, and during all that time Theophilus and those claiming under him, have had possession, and, so far as facts appear, this has been an exclusive possession. It is true, that if they had been in as tenants in common, *eo nomine*, their possession would have been consistent with their own title, and not inconsistent with that of the co-tenant. But this is the very question to be considered, whether they have been in as tenants in common, and that fact cannot be assumed to aid the title. I say there is no evidence of any claim by any heir of Lazarus; and the Court think that the occupation of another portion of the hundred acres in severalty, by Samuel, the brother of Lazarus, without any thing to show the title or claim of title under which he held it, is not to be deemed as any evidence of a claim to hold as tenant in common, as heir of Lazarus.

But we think it does not stand upon the mere negative evidence, the want of proof of any possession on the part of the heirs of Lazarus. This will best be illustrated by taking the case backward from the present respondent, to the death of Lazarus, in 1756, instead of tracing it down. The present respondent, it is found by the case, had the possession, (and no other person being in with him, this was an exclusive possession,) till within a few years, since this controversy arose, by cutting wood over almost the whole of the lot in question. His possession goes back to the year 1785, a period over forty years. But he claimed under a devise from Jonathan, his brother, by which the testator devised the residue of his real and personal estate. Under this claim the respondent entered on the premises, affording evidence that Jonathan died seised and in possession; and if the devisee's possession thus taken was exclusive, it leads to an inference that the devisor's was also. Jonathan, in like manner, took with his brothers and

sisters, by descent from his father Theophilus, and had the whole settled on him, pursuant to the statute, he paying his brothers and sisters the value of their shares. The same remark applies to his seisin and possession ; it is to be presumed, in the absence of all proof, that he took the same seisin and possession that his father had. It is very probable, as the terms of the deed are even now considered sufficiently doubtful to admit of an argument, and as joint tenancies were perhaps more in favor in that period of our province history, than afterwards, that Theophilus claimed the whole by survivorship, and that Lazarus leaving none but collateral heirs, they acquiesced, so that Theophilus entered and held, claiming title to the whole, till it descended to his heirs, at his decease.

On the whole, we are of opinion that there is abundant evidence from which a jury would and ought to presume, that the heirs of Lazarus were actually ousted by Theophilus more than sixty years ago, and that those heirs, if they ever had title, and if they have not barred themselves by release or otherwise, have been long since barred by the statute of limitations.

*Petitioners take nothing &c.*